F. FALAGÁN & Co., PLAINTIFFS AND APPELLANTS, *v.* CENTRO ESPAÑOL, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action of Unlawful Detainer.

No. 3020.—Decided July 26, 1923.

UNLAWFUL DETAINER—PAYMENT OF RENT—TENDER OF PAYMENT—HOLIDAY—DE-POSIT IN COURT.—The rent fell due on December 31st, which was a Sunday. January 1st being a legal holiday, the lessee tendered payment on January 2nd, but the lessor referred the lessee to his agent, who had the receipt for collection and was not present. Tender of payment was again made on January 6th and refused, whereupon the lessee deposited the amount of the rent

in court.  *Held:*  That the tender of payment made on January 2nd was sufficient and that the deposit made on January 6th was within a reasonable time.

The facts are stated in the opinion.

*Messrs. A. A. Vázquez* and *L. Méndez Vaz* for the appellants.

*Messrs. A. Arnaldo* and *L. Muñoz Morales* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from a judgment in favor of a defendant in an unlawful detainer suit. The first point is that the answer was not sworn to, but in this the appellant is simply mistaken. The answer appears to be sworn to before the secretary of the court.

The second assignment relates to the sufficiency of the answer. The fifth relates to the sufficiency of the proof and the third relates to the documentary proof, but all three of these assignments of error depend upon a single question, namely, whether the defendant had a defense, or in other words, whether there were facts sufficient to prevent the landlord from recovering his premises for a supposed default in the payment of the rent when due. The installment of rent which caused the alleged default fell due on December 31, 1922, and the appellant insists that the payment should have been made before that day expired.

December 31, 1922, was a Sunday. The next day, January 1, 1923, was a holiday.

Taking the facts found by the court and supported by the evidence, on the following day, the 2nd of January, the agent of the defendant went to the office of complainant Falagán and made offer first of a check for $100, the amount of the rent, and then offered the cash. Falagán answered that payment should be made to Palou, collector of Falagán who had the receipt.

There was other evidence tending to show that previous

to this time, on the same day, Palou went to the office of the defendant and asked for payment, that the agent of the defendant had misplaced his keys and that Palou agreed to come back the next day. That the next day, however, when the defendant's agent found Palou, the latter refused to accept payment as he no longer had the receipt and suit had been filed.

On the 6th of January the agent of the defendant again went to see Falagán and offered Falagán the hundred dollars, said he would consign the same and when Falagán refused to accept the money it was consigned in the Municipal Court of Mayagüez on the sixth of January, 1923.

While it is true that in *Garcia* v. *Fernández,* 8 P. R. R. 102, and *Finlay* v. *Fabián,* 24 P. R. R. 140, we held that in order to make a consignation valid an offer of payment should be made before expiration of the last day of a term on which rent fell due, in neither case was the last day a Sunday. What we meant in each of those cases was that the offer of payment should be made within the time allowed by law. The exact question was before us in *Veve* v. *Fajardo Sugar Growers' Association,* 18 P. R. R. 277, where we said:

"As regards the semester from January to June, 1911, which should have been paid on the 1st day of said January, it appears that the tender of payment was effected on December 31, 1910, and January 3, 1911, the consignation being made on the 7th of the latter month; and even admitting for argument's sake that the first tender was illegal, although it favored the creditor, the fact is that inasmuch as the first day of January, 1911, was Sunday and the second day a legal holiday, the first day on which the payment could be made was the 3rd of January, when the second tender was made, said tender having therefore the same effect as if it had been made upon the day appointed, according to section 389 of the Political Code."

This opinion, as well as the case of *Garcia* v. *Fernández,* was written by Judge Hernández. By section 389 of the

Political Code a payment due on a particular day which is a holiday may be made the next day.

The court below found that there was a due offer of payment made on the 2nd of January, 1923. Hence, under all the cited cases there was an offer made in time and in *Veve* v. *Fajardo Sugar Growers' Association, supra,* it is held that the consignation may be made thereafter in a "prudential" or "reasonable" time. A consignation on the 6th of January was made within a reasonable time. See also judgment of the Supreme Court of Spain of February 15, 1916, cited by the court below.

We likewise agree with the appellee that the deposit was properly made in the municipal court instead of the district court. The money was due and the municipal court had jurisdiction over a suit for its payment.

Another assignment of error was the admission of the offered check in evidence at the trial when it had not been offered on the day for presentation of documentary proof. How strictly a court must adhere to the rule we shall not now decide. An analogy is presented in the case of the names of witnesses endorsed on an information and we have decided that the court has power there to hear other witnesses. *People* v. *Román,* 18 P. R. R. 217. The appellant was utterly unprejudiced by the check, as the case in no wise turned on its presentation in evidence.

In attacking the credibility of the agent of the defendant appellant says it was improbable that the agent would have gone to see Falagán armed both with the check and the money. If he had taken legal advice or if he feared Falagán, his action was quite the thing to do.

Finding no error, the judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.